UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 21-179** |
| **GLENN E DIAZ ET AL.** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is Defendant Glenn Diaz's Motion to Review Bond Order for Travel to Canada (Doc. 69). The Government opposes this Motion. Oral argument was held on May 25, 2022.

"When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release."[1] The Bail Reform Act of 1984 established the legal framework that the Court must apply to determine whether a defendant should be released pending trial.[2] If release under 18 U.S.C. § 3142(b) will not reasonably assure the defendant's appearance and the safety of the community, release should be ordered with the least restrictive conditions that will meet those objectives.[3]

---

[1] United States v. Rueben, 974 F.2d 580, 585 (5th Cir. 1992)
[2] *See* 18 U.S.C. § 3141 et seq.
[3] *See id.* § 3142(c).

1

Having considered the record *de novo* and the factors enumerated in 18 U.S.C. § 3142(g), and acknowledging Defendant Diaz's ties to the Louisiana community, lack of criminal history, and prior compliance with court orders,

**IT IS ORDERED** that Defendant Diaz's Motion (Doc. 69) is **GRANTED IN PART AND DENIED IN PART** as stated herein.

**IT IS FURTHER ORDERED** that Defendant Diaz's bond will be modified as follows: Defendant Diaz will be allowed to travel between the United States and Canada, but to do so he must post a bond totaling two and a half million dollars ($2,500,000), which he may choose to satisfy either (1) with a cash bond; (2) with certain unencumbered property valued in compliance with the attached policy of the United States District Court for the Eastern District of Louisiana; (3) a combination of (1) and (2); or (4) an approved commercial surety bond. Defendant Diaz must also execute a Waiver of Extradition. Besides these changes, the restrictions and requirements regarding Defendant's travel to Canada previously set (Docs. 51, 65) remain in place. Should the Defendant wish to turn over his travel documents and remain in the United States for the remainder of the proceedings, he may request his original bond be reinstated and surrender his travel documents.

New Orleans, Louisiana this 26th day of May, 2022.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN ORDER TO HAVE A PRISONER RELEASED ON A BOND USING REAL PROPERTY AS SECURITY, YOU MUST PRODUCE THE FOLLOWING:

1. A NON-INTEREST BEARING COLLATERAL MORTGAGE NOTE FOR THE AMOUNT OF THE BOND IN FAVOR OF THE UNITED STATES
   *NOTE: This should be handled by the attorney.*

2. A MORTGAGE DULY RECORDED IN FAVOR OF THE UNITED STATES, TO INCLUDE WAIVER OF HOMESTEAD EXEMPTION
   *NOTE: This should be handled by the attorney.*

3. CERTIFICATE OF RECORDATION IN THE PARISH OF THE SITUS OF THE PROPERTY

4. MORTGAGE CERTIFICATE

5. CONVEYANCE CERTIFICATE

6. A DOCUMENT SHOWING THE VALUE OF THE PROPERTY, SUCH AS: AN APPRAISAL, AN ACT OF SALE, TITLE INSURANCE BINDER, OR THE ASSESSOR'S VALUATION

7. IF THE PROPERTY WAS MORTGAGED, YOU NEED A BOOK OR NOTE FROM THE HOMESTEAD OR MORTGAGE COMPANY GIVING THE PRESENT BALANCE OR SHOWING THAT THE DEBT HAS BEEN PAID

8. IF THERE IS MORE THAN ONE OWNER OF THE PROPERTY, ALL OWNERS MUST SIGN THE DOCUMENTS AND APPEAR IN COURT TO SIGN THE BOND

9. PROOF OF OWNERSHIP, SUCH AS: BILL OF SALE, DEED OR JUDGMENT OF POSSESSION

*NOTE: You are strongly urged to delay recording the mortgage until AFTER the court approves the bond papers. If the court does not accept the property for the bond, you could encounter difficulty removing a lien in favor of the United States from the mortgage certificate.*

Revised 01/10/01

EXHIBIT A